1837.

BAKER
*v.*
KINGSLAND.

BAKER and another *v.* KINGSLAND.

---

Exceptions to an answer for insufficiency should refer pointedly to the bill. It is not enough to give mere extracts from the *answer* and declare them insufficient.

---

*Sept.* 12, 1837.

*Pleading.*
*Exception.*

EXCEPTIONS had been taken for insufficiency to a defendant's answer. All these exceptions ran in the following form, (referring, as it will be seen, to the answer and not to the bill,) : "For that the said defendant, on the 24th page of his said answer, saith, '*that many of the said items or particulars stated and set forth in the said bill with quotation marks were understood, &c., &c.*' which statement or part of the said answer is evasive, imperfect, insufficient and defective."

The master had allowed these exceptions ; and, upon exceptions to his report, they were now before the court.

Mr. *C. O'Connor*, for the defendant and against the exceptions taken to the answer.

Mr. *Clarkson* and Mr. *Anthon*, in support of them.

THE VICE-CHANCELLOR considered the form of the exceptions to the answer as objectionable. They were in the same shape as exceptions for impertinence. In taking exceptions for insufficiency, it is necessary to refer clearly to the bill and to point out the parts of it which are not sufficiently answered ; otherwise the court would be put to the trouble of finding them out. His honor considered that the defendant might have moved to strike these exceptions off the files, yet he did not deem it too late to have the objection brought up when the exceptions were noticed for argument upon the master's report.

Exceptions overruled, with costs. (*a*)

(*a*) And in a later case, (*Hitchcock* v. *Reitz*, March 13, 1838,) the vice-chancellor said : " I do not perceive, from a perusal of the bill, that the particulars to which the exception to the answer points is specifically called for by

the interrogatories of the bill. It seems to me that the exception has been framed upon rather a want of particularity in the answer, than upon what the bill has called for, which is not answered. If the defect is in the bill and not in the answer, this is not the way, by exception, to cure it ; but the complainant should amend his bill and, in that way, call for the additional discovery, &c., &c."